### John H. HARNESS

v.

### Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.

### Civ. No. 3–75–19.

United States District Court,
E. D. Tennessee, N. D.

Aug. 19, 1975.

Joe E. Magill, Clinton, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This matter is before the Court on the cross motions for summary judgment of the plaintiff and the Secretary of Health, Education and Welfare. Plaintiff is an ex-miner seeking black lung benefits pursuant to the Federal Coal Mine Health and Safety Act, *as amended,* 30 U.S.C. § 901 *et seq.*

After plaintiff's claim was initially denied, a Hearing Examiner considered the claim *de novo* and concluded, in an opinion consisting of less than one page and lacking specific findings of fact, that plaintiff was entitled to benefits (Tr. 16). The Appeals Council, on its own motion, reviewed the plaintiff's claim and reversed the decision of the Hearing Examiner (Tr. 5–10). The Appeals Council's decision thus became the final decision of the Secretary.

The plaintiff, who demonstrated a coal mine employment history of at least fifteen years (*See* Tr. 10, 51), contends that the evidence of record was adequate to raise the interim presumption of 20 C.F.R. § 410.490(b). The interim presumption is raised if one of the following requirements is met: (1) A chest X-ray establishes the existence of pneumoconiosis or (2) ventilatory studies demonstrate $FEV_1$ and MVV values equal to or less than those specified in the table set forth in 20 C.F.R. § 410.490.

The evidence of record[1] establishes that the results of plaintiff's ventilatory tests were insufficient to raise the interim presumption. For a person of plaintiff's height (65 inches), the regulations require ventilatory test values equal to or less than an $FEV_1$ of 2.3 liters and an MVV of 92 liters/minute to raise the interim presumption. A ventilatory test performed on October 22, 1970 showed plaintiff's $FEV_1$ as 2.59 liters and MVV as 102 liters per minute (Tr. 93–94). Since these values both exceed the values set forth in Section 410.490, they are insufficient to raise the interim presumption.

The Appeals Council also found that plaintiff did not establish by X-ray the existence of pneumoconiosis (Tr. 10). The plaintiff had chest X-rays taken on August 14, 1970 and there are conflicting opinions regarding their interpretation. Dr. Elsie Tomkinson, a Board Certified Radiologist, interpreted the X-rays as showing pneumoconiosis (Tr. 93). Two other physicians subsequently interpreted the same X-rays as negative for pneumoconiosis (Tr. 97–98).

Whether an X-ray establishes the existence of pneumoconiosis is a question of fact that must be resolved by the Secretary's consideration of the interpretative opinions of all physicians who have examined the X-ray. The findings of the Secretary as to any fact are conclusive if supported by substantial evidence. For this reason, the Secretary's finding that the August 14, 1970 X-rays did not establish the existence of pneumoconiosis must be affirmed.

It further appears from the record that the Secretary's other findings of fact[2] are supported by substantial evidence. The most favorable evidence presented on plaintiff's behalf, other than Dr. Tomkinson's interpretation of the August 14, 1970 X-rays, consisted of two medical reports submitted by Dr. S. G. McNeely (Tr. 99, 103). Although Dr. McNeely concluded that plaintiff suffered from 1/0 pneumoconiosis, his diagnosis was not supported by positive physical findings.[3] The responsibility for weighing the evidence rests with the Secretary and not with this Court. In light of the entire record, in-

---

1. A physician examined the plaintiff and signed a medical report dated almost six weeks after the Appeals Council rendered the Secretary's final decision. This report is not part of the administrative record presently being reviewed, and was not brought to the Court's attention until oral arguments.

2. Findings of Fact Nos. 6 and 7 (Tr. 10).

3. Tr. 9.

cluding the X-ray interpretations and the results of the ventilatory tests,[4] it cannot be said that the Secretary lacked a reasonable basis for assigning little weight to Dr. McNeely's reports.

For the foregoing reasons, it is ordered that the Secretary's motion for summary judgment be, and the same hereby is, granted.

4. The Appeals Council was guided by Social Security Ruling 73–37, which provides in pertinent part:

"Where x-ray or ventilatory function test results submitted by a claimant for black lung benefits fail to establish total disability under interim regulatory criteria in Regulations No. 10, . . . [section 410.490], *held* there is an inference that the miner is not totally disabled. *Further held*, where other relevant evidence is submitted, total disability may be determined to exist only when the evidence on file establishes the level of severity contemplated in § 410.426.

\*  \*  \*  \*  \*

" . . . Where the values in the interim table in section 410.490(b)(ii) are exceeded, only in an unusual case will such individual be totally disabled due to a lung impairment. A finding of disability becomes less likely as the ventilatory study values increase further above this table." See Tr. 9.